FILED
DISTRICT COURT OF GUAM
JUN 13 2005
MARY L.M. MORAN
CLERK OF COURT

Alexander B. Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000,

    PETITIONER,

vs.

Designated Judge (Name Unknown), Superior Court of
Guam, Case No. Sp0236-04,

    RESPONDENT.

Case No. 05-00019



# MOTION FOR A WRIT OF MANDAMUS

Alexander B. Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 17837-1000

i.

# TABLE OF CONTENTS

|  | PAGE # |
|---|---|
| MOTION FOR A WRIT OF MANDAMUS | i. |
| TABLE OF CONTENTS | ii. |
| TABLE OF AUTHORITIES | iii. |
| MOTION FOR LEAVE TO FILE A WRIT OF MANDAMUS PURSUANT TO 28 U.S.C.A. § 1651 AND CODIFIED UNDER THE GUAM CIVIL PROCEDURE CODE § 1085 | 1. |
| JURISDICTION | 2. |
| STANDARD OF REVIEW | 2. |
| QUESTION PRESENTED | 2. |
| BRIEF ANSWER | 3. |
| STATEMENT OF FACTS | 3-4. |
| DISCUSSION | 4-6. |
| CONCLUSION | 6-7. |

# TABLE OF AUTHORITIES

PAGE #

Armstrong v. Manzo, 380 U.S. 545 (1965)............... 6-7
Board of Pardons v. Allen, 482 U.S. 369 (1987)........ 5
City of Cleburne Tex., v. Cleburne Living
Ctr., Inc., 473 U.S. 432 (1985)....................... 5
Greenholtz v. Nebraska Penal Inmates,
442 U.S. 1, 6 (1979).................................. 5
Haines v. Kerner, 404 U.S. 519 (1972)................. 2
Kamen v. Kemper Financial Services
Inc., 500 U.S. 90 (1991).............................. 2
Mullane v. Central Hanover Bank &
Trust Co., 339 U.S. 306, 314 (1950)................... 6-7

Apusento Garden (Guam) v. Superior
Court of Guam, 94 F. 3d 1346 (9th Cir. 1996).......... 1-2
Bermudez v. Duenas, 936 F. 2d 1064 (9th Cir. 1991).... 5
Johnson v. Rogers, 917 F.2d 1283 (10th Cir. 1990)..... 4-5
Van Buskirk v. Wilkinson, 216 F.2d 735 (9th 1954)..... 4-5
In re Robert L Bennett, Jr., No. 97-3461 (11th 1998).. 6

Bishop v. Moran, 676 F.Supp. 416 (D.R.I. 1987)........ 5-6

14th Amendment, U.S. Constitution..................... 3-7
Section 1085, Guam Civil Procedure Code............... 1

9 Guam Code Annotated §§ 80.72, 80.76, 85.26.......... 3, 5
18 United States Code § 5003.......................... 5
28 United States Code § 1651.......................... 5
48 United States Code §§ 1421, 1424................... 3, 5
28 United States Code § 1746.......................... 7

Alexander B. Kitano,
Prison Reg. No. 80362-011,
       PETITIONER,

vs.

Designated Judge (Name Unknown), Superior Court of Guam, Case No. SP0236-04,
       RESPONDENT.

Case No. _____

**MOTION FOR LEAVE TO FILE A WRIT OF MANDAMUS**

**PURSUANT TO 28 U.S.C.A. § 1651**

**AND CODIFIED UNDER THE GUAM CIVIL PROCEDURE CODE § 1085**

NOW COMES FORTH Alexander B. Kitano (hereinafter, "Petitioner"), #80362-011, seeks a Writ of Mandamus, under 28 U.S.C.A. § 1651 and codified under the Guam Civil Procedure Code § 1085 (Supp. 1974)[2], to expedite a petition for a Writ of Habeas Corpus, Case No. SP0236-04, presently in the Superior Court of Guam, Designate Judge (Name Unknown), filed on November 29, 2004, states the following:

---

[2] The mandamus provisions of the Guam Civil Procedure Code were amended and renumbered in 1993. See <u>Apusento Gardens (Guam) v. Superior Court of Guam</u>, 94 F.3d 1346 (9th Cir. 1996).

1.

## JURISDICTION

This Court has jurisdiction under the All Writs Act, 28 U.S.C.A. § 1651 and 48 U.S.C.A. § 1424, respectively. See 48 U.S.C.A. § 1424(b)(West 2003); Apusento Garden (Guam) v. Superior Court of Guam, 94 F.3d 1346 (9th Cir. 1996).

## STANDARD OF REVIEW

Petitioner respectfully requests this Court for a liberal construction of the pleadings set forth below. See Haines v. Kerner, 404 U.S. 519 (1972). This Court retains the inherent power to apply the proper construction of governing law. Kamen v. Kemper Financial Services, Inc., 500 U.S. 90 (1991).

## QUESTION PRESENTED

Whether petitioner has a clear right to the relief sought for a writ of mandamus , in respect to a writ of habeas corpus petition currently in the Superior Court of Guam, where no other adequate or available remedy is capable of affording full relief as to the subject matter in question other than the invocation of this extraordinary remedy?

2.

## BRIEF ANSWER

The Territory of Guam has provided that, "...every person confined in a territorial penal or correctional institution shall be eligible for release on parole...after such person has been confined for fifteen (15) years," 9 Guam Code Annotated ("G.C.A.") § 80.72(a), "...and the approximate date of next consideration, which shall not be more than one (1) year from the date of the previous consideration." 9 G.C.A § 80.72(b).

## STATEMENT OF FACTS

Petitioner is presently incarcerated at the United States Federal Penitentiary in Lewisburg, PA, by virtue of a judgment and sentence of Life Imprisonment, with the possibility of parole after serving fifteen (15) years imprisonment, pronounced by the Honorable Judge Paul J. Abbbate, on June 26, 1987, for the conviction by guilty plea to Murder (as a 1st degree felony), CR-120F-87, in violation of 9 G.C.A. § 16.40. See Exhibit A attached hereto.

Petitioner has been initially eligible for the possibility of release on parole on February 8, 2002. See Exhibit F attached hereto. Subsequently, however, the Guam Territorial Parole Board ("GTPB") held a parole board hearing for petitioner, absent his presence, on February 22, 2002, and June 25, 2003, respectively, at Tiyan, Guam. See Exhibit B attached hereto.

3.

On May 14, 2004, a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was dismissed without prejudice, for failure to exhaust state judicial remedies (Case No. 04-00007), by the District Court of Guam. See Exhibit C attached hereto.

On November 29, 2004, petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the denials and procedures used by the GTPB, was filed in the Superior Court of Guam. On February 3, 2005, an Amended Petition pursuant to Rule 15(a), Fed.R.Civ.P. and the Organic Act Constitution was filed thereafter. See Exhibits D and E attached hereto.

## DISCUSSION

As an initial matter, petitioner cordially agrees that, while it is worth noting to be sympathetic to the probable limited resources the judicial courts may be confronted with on a daily basis with its large number of cases and busy docket schedule, thus, courts are normally not always able to rule in haste and expediently. However, petitioner finds no other recourse to an adequate or available remedy capable of affording full relief in an efficient fashion most appropriate to his circumstance and nature, but in this powerful and unusual remedy he is seeking from this Court today. See Johnson v. Rogers, 917 F.2d 1283 (10th Cir. 1990), quoting Van Buskirk v. Wilkinson, 216 F.2d 735, 737-38 (9th Cir. 1954)(habeas corpus

4.

"is a speedy remedy, entitled by statute to special, preferential consideration to ensure expeditious hearing and determination."). Id., at 1284.

Petitioner asserts that, while the GTPB may have plenary powers to authorize a denial or release on parole any person confined in a penal or correctional institution, see 9 G.C.A. § 85.26, it must do so in a permissable method contrary to "an empty chair theory". See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 6 (1979); accord Board of Pardons v. Allen, 482 U.S. 369 (1987)(holding that mandatory language in statute creates a liberty interest in parole release that is protected by the Due Process Clause of the Fourteenth Amendment); Bermudez v. Duenas, 936 F.2d 1064 (9th Cir. 1991); 14th Amendment, U.S. Constitution; 18 U.S.C. § 5003; 9 G.C.A. §§ 80.72, 80.76.

This ineligibility to be considered in person for the possibility of release on parole in the same manner as other territorial inmates at the Guam Department of Corrections unquestiobaly implicates petitioner's right to equal protection of the law. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws', which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); 48 U.S.C. § 1421b(n); 14th Amendment, U.S. Constitution; see also Bishop v. Moran, 676 F.Supp. 416 (D.R.I. 1987)(offering that "[t]he parole-granting process is...the most critical concern

5.

for the vast majority of all prisoners since it constitutes, in effect, a resentencing." Citations omitted. Hence, for purposes of parole consideration, this Court should find petitioner similarly situated to those inmates convicted under the laws of Guam and subjected to its penal and parole authorities whether "...confined in a territorial penal or correctional institution." Justice delayed is justice denied. <u>In Re Robert Lee Bennett, Jr.</u>, No. 97-3461 (11th Cir. 1998).

## CONCLUSION

WHEREFORE, petitioner humbly prays that this Honorable Court GRANT the relief sought for a petition for a WRIT OF MANDAMUS because: (1) "a clear and indisputable right to relief" in procedural and equal protection due process of law, in respect to parole hearing requirements; (2) Guam authorities have a nondiscretionary responsibility to perform a statutory duty to return petitioner to the geographical jurisdiction of a GTPB for all parole board hearings; (3) there are no other adequate or available remedy capable of affording full relief as to the subject matter in question, has been demostrated and appropriate under this exceptional circumstance of not receiving a "full and meaningful" hearing and equal protections of the law in parole hearing requirements. See <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950), where essential to the concept of due process of law is the right of an individual to have "an opportunity...granted at a meaningful

6.

time and in a meaningful manner,'Armstrong v. Manzo, 380 U.S. 545 (1965), "for [a] hearing appropriate to the nature of the case." Mullane, 339 U.S. (1950).

Hence, the issuance of a WRIT OF MANDAMUS, under 28 U.S.C. § 1651 and codified under the Guam Civil Procedure Code § 1085, directing the Designated Judge (Name Unknown), Case No. SP0236-04, Superior Court of Guam, to rule on said petition for a Writ of Habeas Corpus, filed on November 29, 2004, within a reasonable time permitted by this Court; or that this Court may also issue further and different relief as it deems just and proper, for he shall ever pray.

Respectfully submitted,

_____
S I G N A T U R E

I, Alexander Blanco Kitano, Prison Reg. No. 80362-011, DECLARE under the pains and penalty of perjury pursuant to title 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief.

EXECUTED ON THIS 27th DAY OF May, 2005.

_____
Alexander B. Kitano, pro se,
Prison Reg. No. 80362-011
P. O. Box 1000
Lewisburg, PA 17837-1000

7.