DISTRICT COURT OF GUAM

TERRITORY OF GUAM

Alexander B. Kitano,       :
Prison Reg. No. 80362-011  :
               PETITIONER, :
    vs.                    :
                           :
Designated Judge (Name Un- :
known), Superior Court of  :
Guam, Case No. SPO236-04,  :
               RESPONDENT. :

Case No. **05-00019**



---

## DECLARATION IN SUPPORT OF PETITION

## FOR WRIT OF MANDAMUS PURSUANT TO 28 U.S.C. § 1651

## AND CODIFIED UNDER THE GUAM CIVIL PROCEDURE CODE § 1085

---

NOW COMES FORTH Alexander Blanco Kitano, Prison Reg. No.
80362-011, deposes under the pains and penalty of perjury,
pursuant to title 28 U.S.C. § 1746, states the following:

1.    I am the petitioner/affiant in the above entitled
case.  I make this declaration in support of a petition for
a writ of mandamus, pursuant to title 28 U.S.C. § 1651 and
section 1085 of the Guam Civil Procedure Code, to expedite
a petition for a writ of habeas corpus (28 U.S.C. § 2254) cur-
rently in the Superior Court of Guam, Designated Judge (Name
Unknown), Case No. SPO236-04, filed on November 29, 2004.

1.

2.     Petitioner was subsequently returned to the Terri-
tory of Guam in 1987 and 1988, respectively, in the trials
of Irvin Ibanez and James Leon Guerrero, respectively (case
nos. unknown).  Petitioner truthfully submitted testimonies
on both occasions.

3.     On November 29, 2004, petition for writ of habeas
corpus was filed in the Superior Court of Guam, challenging
parole denials and hearing procedures used, absent his precence,
by the Guam territorial parole board, on February 22, 2002,
and June 25, 2003, respectively, at, Tiyan, Guam.  On February
3, 2005, an amended petition was filed to the said petition,
SP0236-04, thereafter.  See Exhibit D attached hereto.

4.     The complaint in SP0236-04 alleges that Guam authorities
are subjecting petitioner without an adequate and meaningful
means of access to the courts, by not providing Guam law books
and Guam policies pertinent to rehabilitative and parole ob-
jectives.  See Exhibit E attached hereto.

5.     The complaint in SP0236-04 alleges that Guam authorities
are subjecting petitioner to due process  and equal protection
of the law denials, in respect to parole hearing requirements,
by not returning him to the Territory of Guam for all parole
board hearings held, absent his presence, on February 22,
2002, and June 25, 2003, respectively, at Tiyan, Guam.  See
Exhibit B attached hereto.

6.     As set forth in Case No. SP0236-04, petition for
a writ of habeas corpus and the present petition for a writ
of mandamus submitted to this Court, these facts support the

2.

conclusion that petitioner/affiant is entitled to the relief sought to expedite and compel the Designated Judge (Name Unknown), Superior Court of Guam, Case No. SP0236-04, to rule the merits of the complaint thereof, by issuing an Order as authorized by this Honorable Court.

WHEREFORE, petitioner/affiant humbly prays that this Court accept this declaration in support of petition for a writ of mandamus and GRANT his petition.

I, hereby state under the pains and penalty of perjury pursuant to the provisions of title 28 U.S.C. § 1746 that the above is true and correct to the best of my knowledge and belief.

Respectfully, submitted,

5-27-05

Alexander B. Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

3.

# E X H I B I T   A :

(JUDGMENT ORDER, CR-120F-87),

IN RELEVANT PART.

IN THE SUPERIOR COURT OF GUAM

TERRITORY OF GUAM

'FILED'

8 41 AM '87

SUPERIOR COURT
OF GUAM

PEOPLE OF THE TERRITORY OF GUAM ) S. C. CRIMINAL CASE NO. 120F-87
)
vs. ) Charge(s):
)
ALEXANDER BLANCO KITANO, ) MURDER (As a 1st Degree Felony)
)
Defendant(s).)
_____)

## J U D G M E N T

On the 26th day of June 19 87 came the attorney for the government and the defendant(s) appeared in person with PABLO AGLUBAT counsel, and the defendant(s) entered a plea of guilty of the offense(s) of MURDER (As a 1st Degree Felony). The plea if based upon the plea agreement filed herein.

The court informed the defendant(s) of the effect of the plea entered and asked him whether he insist on his plea or not.

The defendant(s) persisted on his plea of guilty of the offense(s) of MURDER (As a 1st Degree Felony).

The court then addressed the defendant(s) personally and found that the plea is made voluntarily with an understanding of the nature of the charge(s) and consequences of his plea.

The court accepts defendant(s) plea of his and based on his plea, judgment will be entered.

WHEREFORE, IT IS HEREBY ORDERED that for the offense of MURDER (As a 1st Degree Felony), the defendant is sentenced to serve life

imprisonment. Said sentence is to run concurrent with the sentence he is now serving under Criminal Case No. 11F-87. The defendant is eligible for parole after serving (15) years imprisonment.

The defendant is to serve his sentence in an off island correctional facility. The defendant is hereby placed under the custody of the Attorney General's Office until such time he is ready to be sent off island to serve his sentence.

SO ORDERED this 30th day of June, 1987.

PAUL D. ABBATE, Presiding Judge
Superior Court of Guam

Received for Service
3:42 P M DOC
7-1 87
Marshal, Superior Court
Guam

Attys served through Box

E X H I B I T   B:

(PAROLE DENIALS, NOTICE OF ACTION),

IN RELEVANT PART.

# *Guam Parole Board*

### Government of Guam
### Tiyan, Guam

## ORDER OF THE BOARD

Case No(s).: __CF120-87, 11F-87__

On __February 23, 2002__, the *Guam Parole Board convened on the case of*

__Alexander B. Kitano__, *a prisoner under the jurisdiction of the Guam Adult Correctional Facility, Mangilao. The Board reviewed the case of the above-mentioned inmate (with the exception of Full-Time Release and Special parole) and hereby:*

☐  GRANTS PAROLE in that inmate meets the standards governing release on parole in accordance with 9GCA §80.76 (a) and (b);  GPB / FTR / SPECIAL

## *Certificate of Parole*

Parole Tenure: _____  TO _____
Additional Special Conditions: _____

_____
_____

☒  DENIES PAROLE in that inmate does not meet the standards governing release on parole in accordance with 9GCA §80.76 (a) (1) (2) (3)  4  (5) and (b) 1 2 3 4 5 6 7 8 (9) (10) (11) (12)
*(detailed information reference this denial are contained in Board files.)*

Additional Info: __Re-apply in one (1) year.__
_____
_____

*Inmate may be presented for parole re-application no later than* __February 23, 2003__

☐  TABLES CASE until_____ for the following reason(s):_____

☐  ACCEPTS INMATE'S WAIVER OF PAROLE

*Given under the hands and seal of the Guam Parole Board, DATED* _____

GUAM PAROLE BOARD

*FRANCISCA A. SANTOS*
*Chairperson*

(SEAL)

GUAM PAROLE BOARD:
RELEASE ORDER:

*The above named prisoner is hereby released to the custody of the Parole Services Division as ordered by this* Certificate of Parole.

*ANGEL A.R. SABLAN*
*Director of Corrections*

DISTRIBUTION: ACF/Computation/CCSD/Parolee-Inmate's copy /A G's Office/ Chief of Police/GPB Files/ ORIGINAL---PSD File

# The Guam Parole Board

Government of Guam
Tiyan, Guam

| | |
|---|---|
| IN THE MATTER OF PAROLE DESIRABILITY OF: | ORDER OF THE BOARD DENYING PAROLE |
| **KITANO, Alexander** | Case No(s): CF0120-87;11F87 |
| A Corrections Inmate | |

The Guam Parole Board met on Wednesday, June 25, 2003 to review the desirability of parole for the above-named inmate. Present for the Board were Chairperson Francisco L. Marion, and members Edward T. Flores and Jose Q. Salas, establishing a quorum. Proceedings of the hearing were recorded on tapes by the Board Secretary.

During the hearing, the Board reviewed a Preparole Investigation Report prepared and submitted by the Parole Services Division of the Department of Corrections. There were also other documents and testimonies made available to the Board which are filed in the Board's official records.

Having informed prior of the hearing date for this presentation, the above-named inmate and family members appeared before the Board in support of his parole request.

The Board having deliberated on this case, was based on the Investigation Report and the presentations made by the inmate and family members. The Board **DENIES** the above-named inmate's parole request based on the following:

## IN ACCORDANCE WITH 9GCA §80.76(a)

[X]  (1)  Release is not compatible with public safety and security;

[X]  (2)  There is substantial likelihood that he will not abide by the law and conform to the conditions of parole;

[X]  (3)  Release at this time would depreciate the seriousness of his crime and promote disrespect for law;

[X]  (4)  Release would have a substantial adverse effect on institutional discipline;

[X]  (5)  Continued correctional treatment, medical care or vocational or other training in the institution will substantially enhance his capacity to lead a law-abiding life when release at a later date.

## IN ACCORDANCE WITH 9GCA §80.76(b)

[ ]  (1)  The prisoner's personality, including his age and maturity, stability, sense of responsibility and apparent development in his personality hinders his conformity to law;

[ ]  (2)  The prisoner's parole plan is not acceptable with his release;

[ ]  (3)  The prisoner is not able to assume obligations and undertake responsibilities;

[ ]  (4)  The prisoner's family status and relatives who display interest in him and other close and constructive associations in the community is not compatible with his release;

[ ]   (5)   The prisoner's employment history, his occupational skills and training, and the stability of his past employment is not acceptable with his release;

[ ]   (6)   The type of home environment in which prisoner plans to live is not acceptable with his release;

[ ]   (7)   The prisoner's past use of narcotics or other harmful drugs or past habitual and excessive use of alcohol is not acceptable with his release;

[ ]   (8)   The prisoner's mental and physical make-up, including any disability or handicap, which may affect his conformity to law, is not compatible with his release;

[ ]   (9)   The prisoner's prior criminal record, including the nature and circumstances, recentness and frequency of previous offense is not compatible with his release;

[ ]   (10)   The prisoner's attitude toward law and authority is not compatible with his release;

[ ]   (11)   The prisoner's conduct in the institution, including where he has take advantage of the opportunities for self-improvement afforded by the institutional program is not compatible with his release;

[ ]   (12)   The prisoner's conduct and attitude during any previous experience of probation or parole and the recentness of such experience is not compatible with his release.

The Board recommends that inmate participate in the institutional programs provided by the Department. Inmate may reapply for parole in one (1) year from the date of this hearing (no later than June 24, 2003)

*SO ORDERED this 25ᵗʰ day of June 2003.*

FOR THE GUAM PAROLE BOARD

FRANCISO L. MARION
*Chairperson*

**ATTESTED:**

**Seal**

Melya C. Limo
*Board Secretary*

**DISTRIBUTION:** Original (Inmate's File) PSD / ACF / CCSD / GPB File / Inmate's Copy

E X H I B I T   C:

(ORDER OF DISMISSAL ON PETITION),

IN RELEVANT PART.

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ALEXANDER BLANCO KITANO,

                    Petitioner,

      vs.

FRANK ISHIZAKI, Director, Department of
Corrections,

                    Respondent.

Civil Case No. 04-00007

**ORDER**

Petitioner Alexander Blanco Kitano filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and a Motion to Proceed In Forma Pauperis. Prisoners in state custody who wish to challenge either the fact or length of their confinement in federal court by a petition for a writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A), (c); Duckworth v. Serrano, 454 U.S. 1, 3, 70 L. Ed. 2d 1, 102 S. Ct. 18 (1981). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id. at 4-5.

Petitioner claims that he has exhausted his administrative remedies. However, before coming to federal court on habeas corpus he also must exhaust his state judicial remedies. Accordingly, the present petition is unexhausted and must be dismissed. A dismissal for failure to exhaust is without prejudice, however, and is not a bar to returning to federal court after exhausting state remedies. See Johnson v. Lewis, 929 F.2d 460, 464 (9th Cir. 1991). Accordingly, this petition is ORDERED DISMISSED WITHOUT PREJUDICE. Thus, Petitioner's Motion to Proceed In Forma Pauperis is ORDERED DENIED.

IT IS SO ORDERED this 14th day of May, 2004.

STEVE UNPINGCO

~~FRANCES M. TYDINGCO-GATEWOOD~~

**Designated District Judge**

Notice is hereby given that this document was entered on the docket on 05|14|04 . No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: /s/ Shirlene A. Ishizu   05|14|04
Deputy Clerk           Date

2

E X H I B I T    D:

(PETITION FOR WRIT OF HABEAS CORPUS,

IN THE SUPERIOR COURT OF GUAM),

IN RELEVANT PART.

IN THE SUPERIOR COURT OF GUAM

FOR THE TERRITORY OF GUAM

SP 0236-04

Alexander Blanco Kitano,          /
Prison Reg. No. 80362-011          /
United States Penitentiary         /
P. O. Box 1000                     /
Lewisburg, PA  17837-1000,         /
                                   /         Case No._____
              PETITIONER,          /
                                   /
      v.                           /
                                   /
                                   /
Robert Camacho, Director,          /
Department of Corrections;         /
et al.,                            /
                                   /
              RESPONDENT.          /

---

## PETITION FOR A WRIT OF HABEAS CORPUS

PETITIONER Alexander Blanco Kitano, pro se, Prison Reg. No. 80362-011, pursuant to the Organic Act of Guam, 48 U.S.C.§§1421, et seq., and 28 U.S.C. §2254, seeks a Writ of Habeas Corpus and states:

1.    Petitioner is presently in the physical custody of the federal Bureau of Prisons (BOP) and is incarcerated at the United States federal penitentiary in Lewisburg, PA (USP Lewisburg), pursuant to a guilty plea conviction, criminal case no. 120-87, pronounced by the Honorable Judge Paul J. Abbate, in the Superior Court of Guam, and was sentenced to life imprisonment, with the possibility of parole after fifteen (15) years, on June 29, 1987. See attached copy marked Exhibit "A" herein.

2. Petitioner was originally charged and convicted, by jury trial, for 1st degree robbery and possession of a deadly weapon during a commission of a felony, criminal case no. 11-87, and was sentenced to a mandatory fifteen (15) years, on May 22, 1987. Said sentence and conviction, supra, was dismissed on October 10, 1990. See attached copies marked Exhibit "B" herein.

3. Petitioner has made correspondence attempts in trying to acquire for "docket entries" in this court, to no avail. See attached copies marked Exhibit "E" herein.

4. Petitioner became eligible for the possibility of parole on February 8, 2002. See attached copy marked Exhibit "C" herein.

5. On February 22, 2002 and June 25, 2003, respectively, petitioner was subsequently denied release on parole, absent his presence, by the Guam territorial parole board (GTPB), at Tiyan, Guam. See attached copies marked Exhibit "D" herein.

6. Petitioner has made numerous attempts with Guam authorities, i.e., the Attorney General for the Territory of Guam, Department of Corrections personnel and the GTPB chairperson, requesting for all available administrative remedies in appealing the denials of release on parole and the procedures used and held in those parole board hearings, absent his presence, by the GTPB at Tiyan, Guam. See attached copies marked Exhibit "E" herein.

7. Petitioner has also made other correspondence requests to BOP authorities inquiring for the contract, i.e., 18 U.S.C. 5003, state offenders in custody, between Guam and BOP authorities, and pertinent issues regarding jurisdictional authority with parole

2.

hearings held, supra, absent his presence, at Tiyan, Guam.

iv.    Guam authorities and the GTPB have failed to apply
statutorily mandated parole rules and regulations, prior to and
thereafter petitioner's initial eligibility date and previous
desirability considerations date, in all parole board hearings
held, supra, absent his presence, at Tiyan, Guam.

v.    Guam authorities and GTPB have failed to adequately
provide petitioner with correctional, parole, and law books
pertinent to the issues in this instance and in seeking a mean-
ingful right to access to the courts.

10.    Petitioner is presently imprisoned pursuant to an ille-
gal and void execution of his parole board hearing procedures
and the decisions used to deny him parole, absent his presence,
by the Guam authorities and the GTPB, on February 22, 2002 and
June 25, 2003, respectively, at Tiyan, Guam, for reasons stated
herein and those set forth in the Brief in Support of the
Petition for Writ of Habeas Corpus, Affidavit, and the Exhibits
attached hereto, all of which are incorporated by reference
herein.

WHEREFORE, petitioner respectfully requests this Honorable
Court for the following:

a.    That RESPONDENT(S) be required to appear and answer
to the allegations of this petition.

b. That petitioner be returned to the geographical juris-
diction of a GTPB in the Territory of Guam.

4.·

c.   That petitioner be granted the mandated sixty (60) days prior to and one (1) year desirability consideration date thereafter in all parole board hearing[s] before a GTPB, and be permitted to present documentary support in those parole hearing procedures.

d.   That petitioner be furnished with adequate correctional, parole and territorial law books pertinent to the issues in this instance, so may properly have access to administrative remedies and to the courts.

e.   That after full consideration this Court relief petitioner of his illegal and void execution of the denials of parole and the procedures used on February 22, 2002 and June 25, 2003, respectively, by Guam authorities and the GTPB, absent his presence, at Tiyan, Guam, by issuing a Writ of Habeas Corpus granting him a meaningful and fair parole board hearing.

f.   That this Court may also relief petitioner of further restraint on his "liberty interest" safeguards and deem in the interest of justice, issue a Writ of Mandamus, compelling Guam authorities and the GTPB to perform a duty owed to petitioner in respect to parole hearing requirements.

g.   That this Court, if necessary, grant an evidentiary hearing.

h.   And finally, that this Court may grant such other, further and different relief as it may deem just and proper.

5.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this date of _11/09/04_ .

Respectfully submitted,

_[signature]_

Alexander B. Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA  17837-1000

nef.abk04.

6.

IN THE SUPERIOR COURT OF GUAM

IN THE TERRITORY OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2005 FEB -3 AM 9: 48

ALFREDO M. BORLAS
CLERK OF COURT
BY: _____

Alexander B. Kitano          /
Prison Reg. No. 80362-011    /          Case No. SP 0236-04
United States Penitentiary   /
P. O. Box 1000               /
Lewisburg, PA 17837-1000,    /
          PETITIONER,        /
                             /
     Vs.                     /
                             /
Robert Camacho, Director,    /
DEPARTMENT OF CORRECTIONS;   /
et al.,     RESPONDENTS.     /

---

## MOTION TO FILE AN AMENDED PETITION

---

PETITIONER Alexander B. Kitano, acting pro se, pursuant to
Rule 15(a), Fed.R.Civ.P. and the Organic Act Constitution of the
Territory of Guam, respectfully petitions this Honorable Court
to file an Amended petition to Case No. SP 0236-04, and states
the following:

1.     Prior to filing the above-captioned petition, on November
29, 2004, petitioner filed a Petition for a Writ of Habeas Corpus
in the Superior Court of Guam.

1.

2.   Recently, petitioner regretfully expresses to this Court of his awareness that page 3, of Petition for a Writ of Habeas Corpus petition, is missing and is cordially requesting that this page 3 (herein) may be amended and accepted by this Court.

3.   RESPONDENTS will not be prejudiced by the filing of this Amended petition.

4.   The interests of justice will be served by this Court hearing all the allegations contained in petitioner's Petition for a Writ of Habeas Corpus and Amended Petition.

5.   This Court should grant freely to file an Amended Petition.

Gillihan v. Schillinger, 872 F.2d 935, 941 (10th Circuit 1989); and see Novak v. National Broadcasting Co., Inc., 724 F. Supp. 141, 145 (S.D.N.Y. 1989).

Dated: On. 20, 2004

Respectfully submitted,

Alexander B. Kitano, pro se,
Prison reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000.

2.

IN THE SUPERIOR COURT OF GUAM

FOR THE TERRITORY OF GUAM

Alexander B. Kitano           /
Prison Reg. No. 80362-011,    /          Case No. **SP 0236-04**.
                              /
          PETITIONER,         /
                              /
     Vs.                      /
                              /
Robert Camacho, Director,     /
DEPARTMENT OF COREECTIONS;    /
et al.,                       /
          RESPONDENTS.        /

---

**MOTION TO FILE AN AMENDED PETITION PURSUANT TO**

**RULE 15(a), FED.R.CIV.P. AND THE ORGANIC ACT OF GUAM**

---

\* \* \*

7. Petitioner has also made other correspondences requests to
BOP authorities inquiring for the contract, i.e., 18 U.S.C. §5003,
State offenders in custody, between Guam and BOP authorities,
and pertinent issues regarding jurisdictional authority with
parole and sentence issues.  See Exhibit F attached herein.

\* \* \*

8. Petitioner initially petitioned for a Writ of Habeas Corpus
in the District Court of Guam, §2254, and was subsequently dis-
missed  for failure to exhaust state judicial remedies, on May

1.

14, 2004.  See Exhibit G attached herein.

* * *

9.    Petitioner is presently imprisoned pursuant to an illegal
and void execution of his parole board hearing procedures and
the decisions used to deny him parole, absent his presence, by
Guam authorities and the GTPB, on February 22, 2002 and June
25, 2003, respectively, at Tiyan, Guam, for the following reasons:

* * *

     i.  Guam authorities and the GTPB have failed to return
petitioner to the Territory of Guam for all parole board hearings
held, absent his presence, on February 22, 2002, and June 25,
2003, respectively, by Guam authorities and the GTPB, at Tiyan,
Guam.

* * *

     ii. Guam authorities and the GTPB have failed to permit
and grant petitioner statutorily mandated sixty (60) days prior
to and one (1) year desirability consideration date from previous
consideration in all parole board hearings held, absent his pre-
sence, by Guam authorities and the GTPB, on February 22, 2002,
and June 25, 2003, respectively, at Tiyan, Guam.

* * *

     iii. Guam authorities and the GTPB have failed to properly
apply statutorily mandated criteria in determining petitioner's
eligibility for release on parole in all parole board hearings
held, absent his presence, by Guam authorities and the GTPB,
on February 22, 2002, and June 25, 2003, respectively, at Tiyan,
Guam.

2.

\* \* \*

WHEREFORE, PETITIONER RESPECTFULLY requests this Honorable
Court for the following:

\* \* \*

i.   That this Court grant petitioner an Order of Release
on Parole and issuance of Conditions of Parole authorized by
this Court for he shall ever pray.

\* \* \*

I DECLARE UNDER the penalty of perjury that the foregoing
is true and correct.   EXECUTED on this day of *Jan. 20th*, 2005.

Respectfully submitted,

_____
Alexander B. Kitano, pro se,
Prison reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA  17837-1000.

3.

# E X H I B I T    E:

(CORRESPONDENCES TO GUAM AUTHORITIES),

IN RELEVANT PART.

Clerk of Courts,
Superior Court of Guam
Guam Judicial Center
120 West O'Brien Drive
Hagatna, Guam 96910

October 14, 2003.

RE:  Dismissal Judgment Order on Criminal Case No. 11F-87;
     Judgment on §2254 Petition To Vacate, Set Aside, or
     Correct Sentence on Criminal Case No. 120F-87; and all
     "docket entries" on Alexander Blanco Kitano.

Dear Clerk:

I am currently in the custody of the Federal Bureau of Prisons
at the United States Penitentiary in Lewisburg, Pennsylvania,
serving a life-sentence under Guam statutes. I have been denied
parole twice already without the opportunity to personally ap-
pear and present documentary support at neither of those parole
board hearing subsequently held at Tiyan, Guam. I am also pur-
suing an appeal of those denials on a administrative level at
this institution. I am in need of the above-mentioned documents
because there are certain prerequisites that I must meet before
filing a petition in the Middle District Court of Pennsylvania.
And because I have made every reasonable attempt at trying to
acquire specific and general assistance with Parole, Correctional,
and Judicial authorities in Guam to no avail, in respect to the
denials for parole, I am now making the necessary requirements to
exhaust administrative remedies according to federal policies.

Please, if, it is possible to also include the necessary forms if
there any costs included, I am willing to make the payments on
a monthly basis and/or parallel to my monthly earnings at this in-
stitution. The law library at this institution has absolutely no
laws or citations on Guam laws and this has been of a dilemma for
me at trying to receive any assistance from the above officials
herein. **Thanking you in advanced notice for your prompt assis-
tance in the matter at hand. Dang'ku lu na si yuus maase.**

Sincerely,

A. Kitano/80362-011

Clerk of Courts
Superior Court of Guam
Guam Judicial Center
120 West O'Brien Drive
Hagatna, Guam  96910
(671) 475-3420


Dear Clerk of Courts:

I have recently filed a petition under 28 U.S.C. §2254 in the District Court of Guam; which was subsequently dismissed for failure to exhaust judicial remedies in this Court. Please see attached copy of the Order, Civil Case No. 04-0007, herein.

I am respectfully requesting this Honorable Court for permission to file a petition for Writ of Habeas Corpus by a person in State Custody, challenging the execution of my parole proceedings by subsequent Guam Territorial Parole Board officials; and a motion to proceed in forma pauperis. I am requesting for the proper forms to fill out and file a petition to this Court.

Please include the necessary application under Guam statutes and relevant materials because the law library at USP Lewisburg does not contain any legal laws on Guam. Thanking you for your prompt and much appreciated assistance in the matter herein. Dångkolo na si yu'us ma'åse.


Sincerely submitted,

_____                    3-25-04
Alexander Blanco Kitano, pro se,                  Date
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

Clerk of Courts
Superior Court of Guam
Guam Judicial Center
120 West O'Brien Drive
Hagåtña, Guam 96910


January 5, 2004.

To whom it may concern:

I am a territorial [state] prisoner serving a life sentence, with the possibility of parole after fifteen (15) years of imprisonment, presently in the custody of the Federal Bureau of Prisons and incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, pursuant to Title 18 U.S.C. §5003 and by virtue of a guilty plea made on June 30, 1987 in the Superior Court of Guam issued by the Honorable Judge Paul J. Abbate. Please see attached copy of Judgment Order on Criminal Case No. 120F-87.

I have been eligible for the possibility of parole on February 8, 2002. Since then I have received two (2) separate Order of the Board notice of actions denying release on parole, absent my presence and the opportunity to present documentary support at those February 23, 2002 and June 25, 2003, respectively, parole board hearings held at Tiyan, Guam by the Guam Territorial Parole Board.

I have written to the Chairperson of the Board, Francisco L. Marion; Director of the Department of Corrections, Frank Ishizaki; and the Attorney General's Office authorities, expressing my concerns that the decisions of my denials and procedures used by the Board to render those assessments were unconstitutional, and I have yet to receive adequate relief or any assistance in affording me with the proper remedies and law books of Guam. I am now petitioning for the authority of this Honorable Court to grant me the permission to file a motion for a Writ of Habeas Corpus, if, this is the required process of action I am required to take. I am appealing the denials and the procedures used by the Guam Territorial Parole Board in the February 22, 2002 and June 25, 2003, respectively, at Tiyan, Guam to this Honorable Court.

Please respond with the necessary course of action and/or the assistance this Court may furnish me with to seek relief in the Territory of Guam. Thanking this Honorable Court for its consideration and any opinions it may find in the interest of justice in the matters stated herein. Dang'kolo na si yuus masse.


Sincerely,

Alexander Blanco Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837-1000

Frank Marion, Chairperson,
Guam Parole Board
Government of Guam
Tiyan, Guam

RE: Request pursuant to Privacy Act of 1974; For Parole Hearing[s]
February 2002 and June 2003 Tapes, pursuant to Disclosure of
Parole Board Office File.

Dear Mr. Marion:                               July 22, 2003.

Hafa Adai; and Greetings.

Please consider this communication my formal request for the
transcripts, tapes and all related notes, hearing examiners' assest-
ments and reports in accordance with Title 9 Guam Code Annotated §80.76
(a) and (b), and any relevant Territorial statutes as well.

I am requesting these records from my initial and recent parole
hearings conducted at Tiyan, Guam, on February 2002 and June 2003.

Thanking you in advanced notice for your assistance and any
further assistance you may afford me with.

Sincerely,

Alexander B. Kitano/Prison Reg.#80362-011
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

nef/abk87.

# FREEDOM OF INFORMATION/PRIVACY ACT
## REQUEST ACT OF 1974

TO: Guam Parole Board

c/o Department of Corrections

P. O. Box 3236

Hagatna, GU 96932

FROM: Alexander B. Kitano/Prison Reg.#80362-011

United States Penitentiary

P.O. Box 1000

Lewisburg, PA 17837

Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and parts thereof, I, the undersigned, also identified above in the upper right-hand section, hereby respectfully request the following information:

I am once again requesting for all transcripts, tapes, and all related notes, hearing examiners' assessments and reports in accordance with 9 GCA §80.76 (a) and (b), and any relevant administrative policies in regard to initial parole hearing: on February 22, 2002. and most recent, June 25, 2003.. I am requesting that these records and proceedings be made available to this petitioner. Thanking you in advanced notice for any assistance you may furnish me with.

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOI Act of 1974.

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOI, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material.

Per the dictates of the Freedom of Information Act of 1974, your agency has ten (10) working days to respond to this request. In the event I do not recieve a response by that time, I will deem deem this formal request denied, and seek judicial remedy.

Dated: 8-2-03

Sumitted by: _____

Requester

Sworn and subscribed before me this 2 day of August 2003, M. Nicholas, Case Manager Case Manager of the above named person, verify that the person appeared before me - and is who he claims to be.

M. Nicholas, Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (Public (18 USC 4004).

Frank Ishtak, Director,
Department of Corrections
P. O. Box 3236
Hagatna, Guam    96932


July 11, 2003.


RE: REQUESTING Title 9 Guam Code Annotated and Parole statutes
         and Guidelines on parole.


Dear Sir:

I am presently incarcerated in the custody of the federal Bureau
of Prisons at the United States Penitentiary in Lewisburg, PA.
I am a territorial prisoner under the jurisdiction of the Department
of Corrections and the Territory of Guam.  I have been eligible for
parole since February of 2002.  I am serving a life sentence, with
the possibility of parole after serving a mandatory 15-years of
imprisonment.

There are no Guam law books at this institution and the Bureau of
Prisons is not obligated to furnish me with any laws pertaining to
my jurisdictional rights under Guam laws.

The Department of Corrections [Territory of Guam] remains responsible
for maintenance of state [territorial] prisoners after transfer to
federal facility and remained responsible for providing access to
courts and to law books of [the Territory of Guam].  It will be in
the interest of all parties, if, I am furnished with this request
herein.

I thank you in advance for any assistance you accomodate me with.
Dan'kulu na si yuus maase.

Alexander B. Kitano
Reg. #80362-011
United States Penitentiary
Lewisburg, PA    17837-1000

nef/abk87

Frank Ishtak, Director
Department of Corrections
P.O. Box 3236
Hagatna, Guam 96932


July 18, 2003.


RE: Amendment to 7/11/03 letter; Notice of Appeal (Guam Parole
    Board Denial of parole[s]).


Dear Sir:

I am still awaiting my Notice of Action (Order of the Board) of
my recent denial for parole. I was informed almost three weeks
ago; and I am planning to take the necessary administrative remedies
with appealing that decision from the Board.

Again, I am in need of being furnished a Title 9 GCA and Parole
Statutes in respect to properly making the required steps that
may deem just for initiateing such an appeal. As I have stated
in my prior administrative request to you; I sincerely ask of you
that I may be afforded such basic right to receive those law ma-
terials as requested.

I thank you in advance for any assistance you may forward me with
in making it possible for me to appeal the decision[s] of my parole
denial[s]. Dang'kulu na si yuus maase.



Alexander B. Kitano
Reg. No. 80362-011
P.O. Box 1000
United States Penitentiary
Lewisburg, PA  17837


nef/abk87.

Frank Ishizaki, Director,
Department of Corrections
P. O. Box 3236
Hagatna, Guam  96932
(671) 734-3981


July 28, 2003.

RE:    Requesting Title 9 Guam Code Annotated; and information and
       Order of the Board notice from June 25, 2003 Board Hearing.


Dear Sir:

I have written two (2) previous requests in trying to acquire specific
and general assistance from your office under your name; I apologize
for not addressing your name properly at these two instances.  I am
still seeking your assistance in the matter at hand.  The Federal Bu-
reau of Prisons are not required for providing access to law books of
the Territory of Guam.  I am in need of this law book; for I do not
even know, if, I am entitled to appeal the decisions and parole hear-
ings that was held at my eligibility date and the most recent one on
June 25th of this year.

The Department of Corrections has jurisdictional authority in main-
taining and adequately furnishing the Federal Bureau of Prisons at
Lewisburg, PA, with correct and updated informations in my Central
Files in regard to my parole eligibility hearing dates.  This has pre-
sented me with some difficulties at programming at a lower security
facility, Sir.  I am asking for the involvement of my assigned Case
Worker to, at least, "take reasonable steps to maintain the accuracy
of the information to assure fairness to [this individual]."

I know that I have an extensive history of incident reports being written up on me in this past sixteen and a half years of my incarceration. I have learned many lessons of growing out of those failures and I am continuing to learn even more with this new life-style of doing some good, and eventually secure the goodness in me with my life, so others may also see this different perspective that is worth pursuing today. All I am saying is, allow me the opportunity to continue programming and becoming parallel with the benefits of someone who sincerely believes in rehabilitation. And it is merely almost impossible for me to achieve certain goals I need to take at this institution.

My Unit Team has already expressed their responsibilities with certain data in my Sentence Monitoring Data (enclosed and highlighted) needs to be verified by both agencies, so that it may be maintained and properly entered in their sentry data base.

I hope I have troubled too much of your time with this matter; but I sincerely need to hear from you in this matter, Sir. Thanking you in advanced noticed for any information and assistance you may forward my way: **Dang'kulu na si Yuus Maase.**

Respectfully Submitted,

Alexander Blanco Kitano/#80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA  17837

nefabk87.

Frank Ishizaki, Director
Department of Corrections
P. O. Box 3236
Hagatna, GU 96932

September 2, 2003.

RE: Copies of all relevant Records on file to this inmate,
Alexander Blanco Kitano, Prison Reg. No. 80362-011, that
were made available to the Territorial Parole Board at his
initial February 22, 2002, and June 25, 2003, parole hearings,
respectively.

Dear Mr. Ishizaki:

Again, I am requesting for copies of all relevant records on file
because I am contesting the validity of those informations and datas
as a result that it may have been improperly used against me at the
above mentioned dates and events. And as juridictional authority
of this inmate, it is imperative that I am furnished with the required
documents before proceeding at a higher court.

Sir, I am asking once again for your needed assistance in the matter
at hand because, as I have stated before, I have already written to
the Chairperson of the Guam Parole Board on three (3) different occa-
sions to no avail. I have received a stamped and copy of their (GPB)
denial notice of action from parole officer, Donna M. Cruz, at the
Parole Services Division, on August 14, 2003. I am very appreciative
of this assistance from you.

However, upon receiving this notice, there are some arbitrary and er-
roneous informations being written within that notice, and from my
initial notice as well. Please be advised that, Criminal Case No. 11F-
87, has been dismissed by the Attorney General's Office on or about
1992. Aside from not making a personal appearance before the Board,
it is the belief of Mr. Marion and the established quorum, Edward T.
Flores, Jose Q. Salas, and Board Secretary, Nelva C. Limo that, the
above-named inmate and family members appeared before the Board in
support of his parole request. I am formally making this complaint
of being deprived of my constitutional rights in respect to the actions
of the Territorial Parole Board, and this Department of Corrections
Facility for maintaining erroneous information and presenting those
records to the Board on both my parole hearings hereto.

Thanking you in advanced notice once again for your time and assistance
in the matter herein and hereto.

Respectfully submitted,

Alexander B. Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P.O. Box 1000, Lewisburg, PA 17837-1000.

Donna Cruz, Parole Officer
Parole Services Division
Department of Corrections
P. O. Box 3236
Hagatna, GU  96932
(671)473-7001


RE:    All Original Certificates and Copies of other relevant
       Documents sent previously to this agent.


July 28, 2003.

Dear Ms. Cruz:

Hafa Adai and Greetings.  I am requesting that all personal cer-

tificates mailed to you be returned back to me at this address.

I am trying to appeal my denials and parole hearings at the admi-

nistrative remedy required by law; and I need the proper proce-

dures I need to take.  It will be of great interest if I am assisted

in this matter.  I also need a copy (transcipts) of those two (2)

parole hearings as well.  And all adverse materials and documents

that were used in those hearings to render my denials for release

on parole.

Thanking you in advanced noticed for your assistance.


Submitted By,

A.B. Kitano/80362-011
USP-Lewisburg
P.O. Box 1000
Lewisburg, PA 17837


nef.abk87.

The Compiler of Law
Attorney General's Office
120 West O'Brien, Suite 2-200E,
Hagatna, Guam  96910


August 20, 2003.


RE:   GUAM CODE ANNOTATED (Title 9) Law Book; Plea Agreement on
      Criminal Case No. 120F-87; Dismissal Judgment Order on Cri-
      minal Case No. 11F-87; and "docket entries" pertaining to
      this inmate, Alexander B. Kitano, Reg. No. 80362-011.


To whom it may concern:

Hafa Adai, and greetings.  I am a territorial prisoner from the
Territory of Guam and I am presently serving a life-sentence, with
the possibility of parole after serving fifteen (15) years of im-
prisonment.  I am currently in the custody of the Federal Bureau of
Prisons at the United States Federal Penitentiary in Lewisburg, PA.

Initially, this institution does not have any laws or provisions of
Guam and I have made prior requests to the Department of Corrections
and the Superior Court of Guam to no avail.  I was informed that
this office is the only authorized agency to distribute such inqui-
ries of the above mentioned items and informations.  The Federal
Bureau of Prisons, at this institution, is not required by federal
law to provide me with applicable Guam statutes and/or relevant do-
cuments needed that I am entitled to receive.

Also, there are specific data contained in my Central Files at this
institution and within the Federal Bureau of Prisons that may be hin-
dering me from programming at a lower security level institution.
I have also made efforts with the Director, Mr. Frank Ishizaki, of
the Department of Corrections, that current erroneous informations
are presently misplaced and hinders this inmate from receiving the
proper custody and security classifications  evaluation at this in-
stitution, mainly, my Unit Team.

I am requesting the 9 GCA law book; (120F-87) plea agreement; (11F-87)
dismissal order; and all "docket entries", that I may be entitled to
receive from my sentencing authority of this Office.  Thanking you in
advanced notice for your assistance, Dang'ku lu na si yuus maase.


Respecfully submitted,

_Alexander Blanco Kitano_
Alexander Blanco Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

The Compiler of Law,
Attorney General's Office
120 West O'Brien, Suite 2-200E,
Hagatna, Guam 96910

August 26, 2003.

RE: Attached copy of Declaration In Support of Request to Proceed In Forma
Pauperis (proof of indigence) in respect to August 20, 2003. letter re-
questing the following: Title 9 GCA Law Book; Plea Agreement on CF120-
87; Dismissal Judgment Order on CF11-87 conviction; and all "docket en-
tries per this inmate, Alexander Blanco Kitano, Reg. No. 80362-011.

To whom it may concern:

Hafa Adai. Please be advised that I am enclosing copies of all documents
and verifications of indigence to obtaining the above requested items and in-
formations, and related to my August 20, 2003. letter to this Office.

As required, the Territory of Guam is responsible for furnishing me access
to the courts and law books of Guam. I have already mentioned that this insti-
tution are not responsible for affording me this basic right, but rather that
Guam is also my sentencing authority and remains responsible for issuing these
requested items to me. I am trying to exhaust administrative remedies in regard
to appealing my parole denials; and it will greatly serve adequate assistance,
if, I am granted with these legal materials related to this inmate's right to
the courts and legal books on Guam.

Thanking you in advanced notice for your time and effort with assisting me
in the matter at hand. Dang'ku lu na si yuus maase.

Sincerely submitted;

Alexander Blanco Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

nef/abk87.

# FREEDOM OF INFORMATION/PRIVACY ACT
## REQUEST ACT OF 1974

TO: The Compiler of Law

Attorney General's Office

120 West O'Brien, Suite 2-200E,

Hagatna, GU 96910

FROM: Alexander Blanco Kitano/80362-011

United States Penitentiary

P.O. Box 1000

Lewisburg, PA 17837-1000

Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and parts thereof, I, the undersigned, also identified above in the upper right-hand section, hereby respectfully request the following information:

Title 9 Guam Code Annotated Law Book; Plea Agreement on Criminal Case Number, 120F-87;

Dismissal Judgment Order on Criminal Case Number, 11F-87; and all **"docket entries"**

pertaining to this inmate, Alexander Blanco Kitano, Prison Reg. No. 80362-011.

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOI Act of 1974.

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOI, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material.

Per the dictates of the Freedom of Information Act of 1974, your agency has ten (10) working days to respond to this request. In the event I do not recieve a response by that time, I will deem deem this formal request denied, and seek judicial remedy.

Dated: 8-27-03                    Sumitted by: _____
                                              Requester

Sworn and subscribed before me this 27 day of August, 2003. I, the Federal Prison Case Manager of the above named person, verify that he Nicholas, Case Manager appeared before me - and is who he claims to be.

Authorized by the Act of

July (1966) Oaths as amended, to

administer oaths, (18 USC 4004).

Mr. Douglas Moylan,
Attorney General for
The Territory of Guam
Attorney General's Office
120 West O'Brien Drive,
Suite 2-200E,
Hagatna, Guam 96910
(671) 475-3406


September 16, 2003.

RE: **Final Appeal of Guam Parole Board denials on February 22, 2002
and June 25, 2003, respectively.**

Dear Sir:

Hafa Adai. I am a territorial prisoner presently serving a life-sentence and is currently in the custody of the Federal Bureau of Prisons at the United States Federal Penitentiary in Lewisburg, PA. Please see Criminal Case No. 120F-87.

I have made numerous written requests from the Director of the Department of Corrections, the Chairperson of the Guam Parole Board, the Parole Services Division, the Superior Court of Guam, and the Compiler of Law at your office, to no avail, for basic informations and requirements in regard to making an initial attempt with my right to appeal governmental actions made in denying this inmate release on parole.

I have been refused fundamental necessaties in receiving certain law books, legal documents and records pertaining to prison and parole board files being mantained in respect to this prisoner.

I am asking the assistance of this Office for a Title 9 Guam Code Annotated Law Book; my Plea-Agreement on present conviction and sentence, Criminal Case No. 120F-87; the dismissal of Criminal Case No. 11F-87 (for it is still being misappropriately being used against me); and all "docket entries" per this prisoner's case history.

Thanking you in advanced notice for your time given.


Sincerely submitted,

Alexander Blanco Kitano/#80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

Frank Ishizaki, Director,
Department of Corrections
P. O. Box 3236
Hagatna, Guam 96932

October 23, 2003.

RE: Dismissal Order on Criminal Case No. 11F-87.

Dear Sir:

I am enclosing a copy of the Dismissal Order on Criminal Case No. 11F-87; that has been used against me at the February 22, 2002 and June 25, 2003, respectively, parole board hearings.
Please be advised that I would like to request that a copy be placed in Department of Corrections and Parole Board files for future re-ferences. Thanking you in advanced notice for your time and assis-tance in the matter.

Respectfully submitted,

Alexander Blanco Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

# CERTIFICATE OF SERVICE

I, _Alexander B. Kitano_____, hereby certify that I have served a true
and correct copy of the foregoing:

> 1) Writ of Mandamus Petition; 2) Motion to Proceed In Forma
> Pauperis and Declaration in Support; 3) Exhibits; and 4)
> Affidavit.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to
~~the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to~~
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:

> Mary L. Michels, CLERK of COURT,
> U.S. District Court
> District of Guam
> U.S. Courthouse, 4th Floor,
> 520 West Soledad Avenue
> Hagåtna, Guam  96910

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __29th__ day of __5/05__,

Respectfully Submitted,

REG. NO. _80362-011_

# CERTIFICATE OF SERVICE

I, _Alexander B. Kitano_, hereby certify that I have served a true and correct copy of the foregoing:

1) Writ of Mandamus Petition; 2) Exhibits; and 3) Affidavit.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

    Alfredo M. Borlas, CLERK of COURT,
    Superior Court of Guam
    Guam Judicial Center
    120 West O'Brien Drive
    Hagåtna, Guam  96910

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _29th_ day of _3/05_,

Respectfully Submitted,

REG. NO. _80362-011_

Mary L. Michels,
CLERK of COURT
U.S. District Court
District of Guam
U.S. Courthouse, 4th Floor,
520 West Soledad Avenue
Hagåtna, Guam 96910

May 29, 2005.

Dear CLERK of COURT:

Please find attached copy of an original and two copies
of Motion for Leave to File a Writ of Mandamus, Motion to proceed
In Forma Pauperis and Declaration in Support, Exhibits and Affi-
davit for filing in this Court. A Certificate of Service has
also been enclosed herein and mailed to the Superior Court of
Guam. Once the above pleadings have been filed, please return
a stamped mark copy for my case file.

Thanking the CLERK of COURT and this Honorable Court in
advanced notice: thank you very much.

Sincerely

Alexander B. Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

# CERTIFICATE OF SERVICE

I, _Alexander B. Kitano_ , hereby certify that I have served a true
and correct copy of the foregoing:

    1) Writ of Mandamus Petition; 2) Exhibits; and 3) Affidavit.


Which is deemed filed at the time it was delivered to prison authorities for forwarding to
the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to
litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage
prepaid envelope addressed to:

    Alfredo M. Borlas, CLERK of COURT,
    Superior Court of Guam
    Guam Judicial Center
    120 West O'Brien Drive
    Hagåtña, Guam  96910

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this _29th_ day of _3/05_ ,

Respectfully Submitted,

REG. NO. _80362-011_

E X H I B I T   F:

(GUAM DEPARTMENT OF CORRECTIONS

COMPUTATION SHEET).

# GUAM DEPARTMENT OF CORRECTIONS

## COMPUTATION SHEET

Name: KITANO, ALEXANDER BLANCO    Soc. Sec. No.: 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    DOB: 2/14/64    Date Admitted: 4/27/87    Aggregate Sentence: LIFE W/PARO...

Parole Computation: 2/3 OF 15 = 10 YRS.    GTA per Month: n/a days    Pre-Sentence Credit: Fr.: 1/10/87 To: 1/27/87 = 17days (Rosario Detent)
Fr.: 4/27/87 To: 5/21/87 = 25days (Receiv't)

Special Parole: YES _X_ NO ___    Years: 6yrs    Mandatory Sentence: Yes ___ No ___ Years: ___

| Criminal Case No. | Offense | Sentence | Computed Time From | To | Actual Time Served Yrs. | Mos. | Days | Good Time Allowance Yrs. | Mos. | Days | Total Time Credited Yrs. | Mos. | Days | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ?-87 | 1) ROBBERY (1st Degree Fel) POSSESSION AND USE OF A DEADLY WEAPON IN THE COMMISSION OF A FELONY | 10 years / 5 years | 1/10/87 4/27/87 | 3/27/87 5/21/87 | | | 77 25 | | | | | | 77 25 | |
| 120F-87 | 2) Murder (1st DegreeFel) | Life Imprisonment | 5/22/87 | 6/8/87 | | | 18 | | | | | | 12 18 | |
| | | | 6/9/87 | 2/8/88 | | 8 | | | | | | 4 8 | | |
| | | | 2/9/88 | 2/8/97 | 9 | | | | | | 1 9 | 3 | | *Both sentences are to be served concurrently. |
| | | | 2/9/97 | 2/8/2002 | 5 | | | | | | 5 10 | | | |
| | | | | | | | | | | 15 | | | | |

Note: Inmate is to be placed on six (6) years Special Parole after completion of sentence.

Note: Inmates case #11F-87 and #120F-87 are to be served concurrently and that inmate is eligible for Parole in fifteen (15) years.

PAROLE ELIGIBILITY DATE ____

NO FULL TIME RELEASE DATE ____

Pedro Cordallo ____
CSM Leona Bordallo
Date: June 12, 1987

Jose S.N. ____
Chairman, CSD ____
Computed by ____
Date: 6-17-87

CSD Supervisor
Verified

PH 671-734-3981